IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:08cr197-MHT |
| CAROLINE NYALESO OWUOR TODD | ) | (WO) |

OPINION AND ORDER

Before the court is the government's objection to a pretrial order that released defendant Caroline Nyaleso Owuor Todd from custody and ordered Immigration and Customs Enforcement (ICE) not to take Todd into custody without further order of the court.  For the reasons that follow, the government's objection is sustained.

Todd, a longtime U.S. resident whose husband and two minor children are U.S. citizens, was charged with six separate counts arising out of two instances in which she allegedly submitted fraudulent documents relating to her

-1-

immigration status.[1]  At her initial bail hearing, the magistrate judge ordered Todd detained for ten days pursuant to the Bail Reform Act, 18 U.S.C. 3142(d), because ICE had a pre-existing detainer against her. That section of the Bail Reform Act provides, in relevant part:

> "(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion. If the judicial officer determines that--
>
> (1) such person--
>
>   ...
>
> (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
>
> (2) the person may flee or pose a danger to any other person or the community;

---

1. After a jury trial, Todd was convicted of three of the six counts and released on conditions pending sentencing and any appeal she may file.  At that time, the government reasserted its objection to the magistrate judge's order.

-2-

> such judicial officer shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, the person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence."

18 U.S.C. 3142(d).

After the ten days expired without ICE taking Todd into custody, the magistrate judge held another hearing. During that hearing, ICE asserted that it believed it had two more days and that it wished to take Todd into custody. The magistrate judge found that the period for temporary detention had expired, and ordered Todd

released on conditions.  The magistrate judge, apparently relying on the Bail Reform Act, issued a separate order providing that ICE "may not take custody of Defendant without further order of th[e] court."  Order, October 27, 2008 (Doc. No. 20).

The government timely objected to the magistrate judge's order, contending that the Bail Reform Act does not give the court the authority to enter such an order.  The government contends that the magistrate judge improperly assumed that ICE lost its right to pick up Todd when it failed to do so within the ten-day window for temporary detention.

Upon a timely objection, this court may modify or set aside any part of a magistrate judge's order on a non-dispositive matter that "is contrary to law or clearly erroneous."  Fed. R. Crim. P. 59(a).

The court agrees with the government that the express language of the Bail Reform Act does not provide or imply that the ten-day window is a limit within which ICE must

act in order to preserve its ability to take a defendant into custody. Rather, the purpose of the ten-day window is "to permit the court to notify other legal authorities who might have a reasonable interest in the custody of the detainee." United States v. Moncada-Pelaez, 810 F.2d 1008, 1010 (11th Cir. 1987); see also United States v. Becerra-Cobo, 790 F.2d 427, 429 (5th Cir. 1986).[2]

Because nothing on the face of the order indicates that the magistrate judge relied on any authority other than the Bail Reform Act, the court does not reach whether there may be alternate bases for the court's authority to issue such an order.

Accordingly, it is ORDERED that:

---

2. Arguably, the language instructing the court that, if no action has been taken after ten days, the court should treat the defendant "in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing ... deportation or exclusion proceedings" could be read as limiting the applicability of such other laws once the ten days has passed. The more natural, and more plausible, reading of this language, however, is as an admonition to courts not to use the immigration status of defendants against them or as the sole basis of a detention determination.

(1) The government's objection to the magistrate's order (doc. no. 22) is sustained.

(2) The magistrate judge's order (doc. no. 20) is vacated.

DONE, this the 23rd day of January, 2009.

                                          /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**